# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

MICHAEL GILYARD, )
)
        Plaintiff, )
)
v. ) No. CIV 14-558-JHP-SPS
)
DIANNA ELDRIDGE, et al., )
)
        Defendants. )

## OPINION AND ORDER

This action is before the Court on Defendants' motion to dismiss (Dkt. 21). Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at North Fork Correctional Facility in Sayre, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at Mack Alford Correctional Center (MACC) in Stringtown, Oklahoma. The defendants are Dianna Eldridge, MACC Law Library Supervisor; Tommy Sharp, MACC Deputy Warden; Trent Bourland, MACC Medical Officer/Former Warden's Assistant; and Cindy Lowe, MACC Acting Warden's Assistant. Plaintiff alleges the defendants acted individually and in concert to deny him his right of access to the courts.

**Count I** [1]

Plaintiff claims Defendant Dianna Eldridge intentionally prevented him from having law library access during numerous lockdowns, resulting in dismissal of his appeal in the Oklahoma Court of Criminal Appeals (OCCA). He asserts Eldridge was aware of Plaintiff's August 4, 2014, filing deadline, but she did not notify her supervisor. On August 2, 2014, Plaintiff's mailing for the OCCA was ready, after Eldridge allegedly had delayed sending it

---

[1] Plaintiff alleges that the job titles of some defendants have changed (Dkt. 1 at 9). He does not consistently name the individual defendants in his allegations, instead referring to them by their job titles. Therefore, where the complaint is unclear, the Court also will refer to the defendants' job titles.

to the trust fund officer for postage disbursement. Eldridge said she would write a letter to the OCCA to explain why the missed deadline was not Plaintiff's fault. On August 4, 2014, the date of the filing deadline, Eldridge gave Plaintiff the letter and the disbursement.

On August 20, 2014, the law library was closed by the assistant warden, the warden's assistant, and security staff. Plaintiff was detained, then told to leave the law library, and his legal materials were confiscated. Defendant Eldridge did not notify the warden's assistant that the OCCA required Plaintiff to provide extra copies of his petition in error. Plaintiff's appeal was denied on August 21, 2014.

**Count II**

Plaintiff next alleges Defendant Warden's Assistant Trent Bourland physically prevented Plaintiff's access to the law library and confiscated his legal work. On August 20, 2014, Plaintiff was in the law library when it was shaken down by security staff. Bourland ordered security staff to search Plaintiff's legal work. Bourland then locked the law library door and told Plaintiff he would get his paperwork back when it was cleared by security staff. Later that day, Plaintiff had his case manager call Defendant Eldridge, but the case manager was told that Defendant Deputy Warden Tommy Sharp had closed the law library until further notice.

Plaintiff claims he had advised the warden's assistant that he needed to get his documents to the OCCA. Plaintiff had his legal work on his person and was not physically in the law library when the warden's assistant ordered that the legal work be confiscated and locked in the law library. Plaintiff was physically blocked from the law library, denying him access to the material he needed for his appeal.

**Count III**

Plaintiff alleges in Count III that Defendants Dianna Eldridge, Tommy Sharp, and Cindy Lowe acted in concert to prevent Plaintiff's access to the court. After August 20, 2014, Defendant Bourland's position was changed from warden's assistant to medical administrator. Defendant Lowe, the new acting warden's assistant, took over Bourland's

2

duties in the law library.

On August 22, 2014, after attempting informal resolution with his case manager, Plaintiff filed a Request to Staff with Defendant Sharp. Sharp's response denied that Plaintiff's legal work was confiscated. Plaintiff then attempted to file a formal grievance with Defendant Lowe, the warden's assistant. The grievance was addressed to the warden, but Lowe intercepted it and refused to give it to the warden. Instead, she took it to Defendant Eldridge's office, and Eldridge and Lowe called Plaintiff into the office and attempted to coerce him into dropping his complaint. Eldridge and Lowe claimed Plaintiff had not provided verification of his court deadline.

Eldridge and Lowe then allegedly promised Plaintiff they would call the courthouse and get the OCCA's dismissal reversed. When Plaintiff reminded them that he had verified the OCCA deadline in accordance with policy, Eldridge and Lowe became angry and told him his grievance was denied. Plaintiff asked to get his grievance back, but he only received a form stating the grievance was being returned unanswered for failing to have a DOC number on the grievance and for failing to verify the court deadline. Plaintiff contends the DOC number was on the form, and he did verify the deadline. Lowe returned the grievance form to Plaintiff two days later.

Plaintiff further complains the warden, who is the reviewing authority, never was given the opportunity to respond to the grievance, because Defendants Eldridge and Lowe were determined to subvert Plaintiff's action. Plaintiff also claims Defendant Sharp lied to him, and Sharp worked with Eldridge and Lowe to derail the grievance.

**Standard of Review**

In assessing a motion to dismiss, the court must accept the factual allegations as true and consider them in the light most favorable to the plaintiff. *Tomlinson v. El Paso Corp,*, 653 F.3d 1281, 1285–86 (10th Cir. 2011) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 132 S.Ct. 1574 (2012). A request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to determine whether the complaint contains

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the court is required to exercise a liberal interpretation of plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not assume the role of advocate for plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id*. With these standards in mind, the court turns to the merits of the defendants' motion.

The record shows that on October 13, 2010, Plaintiff pleaded guilty to the crimes of (1) trafficking in illegal drugs--cocaine base and (2) possession of a controlled dangerous substance with intent to distribute--PCP in Oklahoma County District Court Case No. CF-2010-1748 (Dkt. 21-1 at 5). Plaintiff filed an application for post-conviction relief on March 29, 2012, and filed a motion to withdraw his guilty plea out of time on April 9, 2012 (Dkt. 21-1 at 9). The post-conviction application was withdrawn on July 12, 2012. *Id.*

On October 19, 2012, and again on November 26, 2012, Petitioner filed a pleading with the state district court which was construed as an application for post-conviction relief (Dkt. 21-3 at 1). On January 9, 2013, he filed a motion for order nunc pro tunc, seeking to correct an error in his judgment and sentence paperwork (Dkts. 21 at 2; 21-1 at 9). The district court found errors in Petitioner's original plea, appointed counsel for him, and on May 1, 2013, held a hearing on the merits (Dkt. 21-3 at 1-2). After the hearing the district court concluded in an order filed May 8, 2013, that "Petitioner had in fact entered a plea to

Trafficking, however, there were errors in the PLEA AND SENTENCING paperwork. [Therefore, the district court] ordered the paperwork corrected based on all of the evidence presented to the Court." *Id.* at 2; Dkt. 21-1 at 11. Plaintiff attempted to appeal the result, but the OCCA declined jurisdiction, because his petition in error was not timely filed. *Gilyard v. State*, No. PC-2013-558 (Okla. Crim. App. Oct. 21, 2013) (Dkt. 21-2 at 1).

On November 4, 2013, Petitioner filed a subsequent application styled "PETITION FOR POST CONVICTION / OUT OF TIME" (Dkt. 21-1 at 12). He requested a remand of his case with all charges dismissed, resentencing, and to have the entire conviction and sentence vacated (Dkt. 21-3 at 2).

In its order dated March 27, 2014, the district court found Petitioner's application presented no grounds for the requested relief, and he had attempted to file a direct appeal through a post-conviction action. *Id.* (citation omitted). The district court further found the application was frivolous, vexatious and meritless. *Id.* at 3-4.

On August 7, 2014, Petitioner attempted to appeal the district court's order denying relief. *Gilyard v. State*, No. PC-2014-688, slip op. at 1 (Okla. Crim. App. Aug. 21, 2014) (Dkt. 21-4). The appeal was dismissed for numerous reasons, including Plaintiff's failure to file the Petition in Error within 30 days of the district court's order of March 27, 2014, his failure to furnish a certified copy of the district court's order, and his failure to properly serve the adverse party. *Id.*

**Eleventh Amendment Immunity**

The defendants allege that as employees of the Oklahoma Department of Corrections, they are entitled to Eleventh Amendment immunity. The official capacity claims against the defendants are actually claims against the State of Oklahoma. "[T]he Eleventh Amendment bars federal court jurisdiction over a state agency for both money damages and injunctive relief, or a state official acting in her official capacity in a suit for damages." *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F .3d 1186, 1196 (10th Cir. 1998). Absent a waiver by the state, or a valid congressional override, the amendment bars a damages action against a state in

federal court. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

The court, therefore, grants the defendants' motion to dismiss all claims against the defendants in their official capacities. Because the Eleventh Amendment involves sovereign immunity, the official-capacity claims are dismissed "without prejudice" rather than "with prejudice." *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cnty., Okla. v. Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011).

**Access to the Courts**

It is undisputed that access to the courts and the means to effectuate such access are fundamental constitutional rights. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, "the constitutional obligation to provide inmates access to courts does not require states to give inmates unlimited access to a law library, and inmates do not have the right to select the method by which access will be provided." *Penrod v. Zavaras*, 94 F.3d 1399 (10th Cir. 1996) (citations omitted). The Constitution requires only that reasonable access to the courts be permitted. *Johnson v. Avery*, 393 U.S. 483, 490 (1969); *Ford v. Schmidt*, 577 F.2d 408, 410 (7th Cir. 1978), *cert. denied*, 439 U.S. 870 (1978).

To have standing to raise a claim of denial of access to the courts, a prisoner must demonstrate actual injury. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). "To do so, he must show that any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).

As discussed above, Plaintiff's application for post-conviction relief filed on November 4, 2013, was denied by the state district court on March 27, 2014. *Gilyard*, No. CF-2010-1748. In the order denying the application, the district court noted that Plaintiff was seeking "a direct appeal disguised as an Application for Post-Conviction Relief," even though he was procedurally barred from doing so. *Id.*, slip op. at 2 (citation omitted). In addition, the district court expressly did not recommend a direct appeal out of time. *Id.*, slip op. at 4. Furthermore, the district court advised Plaintiff of his 30-day deadline to appeal the decision and mailed a copy of the order to him on March 27, 2014. *Id.*, slip op. at 4-5.

Rule 5.2(C) of the *Rules of the Oklahoma Court of Criminal Appeals* requires an appellant to file the petition in error with supporting brief and a certified copy of the district court's order. The rule further states:

> If the post-conviction appeal arises from a misdemeanor or regular felony conviction, the required documents must be filed within thirty (30) days from the date of the final order of the District Court is filed with the Clerk of the District Court.

*Id.*

"[W]hen an appeal is not initiated within the time required by law, [the] . . . [Oklahoma] Court [of Criminal Appeals] is without jurisdiction to entertain the attempted appeal and the same must be dismissed." *Weatherford v. State*, 13 P.3d 987, 988 (Okla. Crim. App. 2000) (citations omitted). Rule 5.2(C) parallels the 30-day limit found in the Post-Conviction Procedure Act, Okla. Stat. tit. 22, § 1087. *Id.* at 988-89. Plaintiff's failure to comply with the rule was fatal to his appeal. "Failure to file a petition in error, with a brief, within the time provided, is jurisdictional and shall constitute a waiver of right to appeal and a procedural bar for this Court to consider the appeal." Rule 5.2(C)(5).

As expressed in the OCCA's August 21, 2014, Order, Plaintiff failed to follow the OCCA's rules when by filing an untimely appeal to the OCCA and by not providing a certified copy of the district court's order. He also failed to show proper service had been made on the adverse party as required by Rule 1.9(B). Although he claims he suffered a legal injury by the defendants' confiscation of his legal materials on August 20, 2014, his petition in error was filed on August 7, 2014, as evidenced by the OCCA's docket sheet. *See* www.oscn.net. Plaintiff's filing on that date was more than four months after the district court's order was entered. Plaintiff is responsible for the untimely mailing of the required documents to the OCCA, regardless of the documents that may have been confiscated on August 20, 2014. Therefore, Plaintiff has failed to show an actual injury, and this action must be dismissed for failure to state a claim upon which relief can be granted.

**ACCORDINGLY,** the defendants' motion to dismiss (Dkt. 21) is GRANTED for Plaintiff's failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). The official-capacity claims against the defendants are DISMISSED WITHOUT PREJUDICE, and the individual-capacity claims against the defendants are DISMISSED WITH PREJUDICE. All remaining pending motions are DENIED as moot. This dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 10th day of February 2017.

James H. Payne
United States District Judge
Eastern District of Oklahoma